UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN
TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Documents Relates to:

DOES 1-619 v. CHIQUITA BRANDS
INTERNATIONAL, INC.

Case No. 9:08-cv-80480
_____/

PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION
TO PROCEED WITH AN ACTION USING PSEUDONYMS

Plaintiffs Juan/Juana Does 1-619, by their undersigned counsel, hereby submit this Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Proceed with an Action Using Pseudonyms. As set forth below and in the accompanying Affidavits, Plaintiffs face a very real threat of physical injury and death if their identities and addresses are disclosed publicly, and accordingly believe that an order permitting them to proceed with this action using pseudonyms is appropriate and should be granted.

This case arises under the Alien tort Statute, 28 U.S. C. §1350 and the Torture Victims Protection Act, 28 U.S.C. §1350 (note) for the intimidation and murder of

1

plaintiffs' family members by paramilitary groups receiving material support from Defendant Chiquita Brands International, Inc.[1]

By way of background, Plaintiffs' relatives lived on or near banana plantations operated by Defendants in the Uraba, Magdalena, La Guajira and Santa Marta regions of Colombia, South America, and were murdered as a result of Defendants unlawful association with the Autodefensas Unidas de Colombia (United Self-Defense Forces of Colombia, hereinafter "AUC"). As explained in Plaintiff's Complaint, the AUC is a violent, right-wing paramilitary organization operating in Colombia. It was formed in or about April 1997 to organize loosely-affiliated illegal paramilitary groups that had emerged in Colombia to retaliate against left-wing guerillas fighting the Colombian government. The AUC's activities include assassinating union leaders and suspected guerilla supporters, drug trafficking, kidnapping and the murder of at least 10,000 people in Colombia and burying many of the bodies in mass graves. Since September 10, 2001, the AUC has also been designated as a foreign terrorist organization by the U.S. Secretary of State.

Plaintiffs assert that Defendant CHIQUITA has maintained a long and well known relationship with the AUC by providing money and arms to maintain its business operations in the regions where Plaintiffs and their families live.

Accordingly, Plaintiffs believe that because of Defendants' unlawful ties with the notorious AUC, public disclosure of their names and addresses will no doubt subject them and their families to grave danger, including death, as retaliation for bringing suit against Defendant CHIQUITA.

---

[1] In their Third Amended Complaint, Plaintiffs also raise several supplemental common law tort claims against the Defendants.

It is well settled that the Court has discretion to permit plaintiffs to proceed anonymously. "The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons is committed in the first instance to trial court discretion." *James v. Jacobson*, 6 F.3D 233 (4th Cir. 1993). See also, *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) (reviewing denial of anonymity application for abuse of discretion); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (same). *Cf Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2043, at 305 (1979)) ("[T]he most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these person may put the information").

The Courts have made clear that the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. See *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y.1998), vacated on rehearing and modified on other grounds, 105 F.Supp.2d 40, 45 (E.D.N.Y.1999); *Mateer v. Ross*, *Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, 1997 WL 171011 (S.D.N.Y. April 10, 1997); *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y.1996).

Courts that have considered applications by litigants to proceed anonymously have applied a balancing test that weighs the party's need for anonymity against prejudice to the defendant and the presumption of public openness. See, e.g. *Does I Thru XXIII v. Advanced Textile Corp*, 214 F.3d 1058 (9th Cir. 2000) (noting the four circuits to consider the applicable standard had held that "the district court must balance the need for anonymity against the general presumption that parties' identities are public

information and the risk of unfairness to the opposing party"). Under this test, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing party's identity." *Id* at 1068. See also *Doe v. Frank*, 951 F.2d at 323 (test for permitting plaintiff to proceed anonymously is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness of judicial proceedings." (quoting *Doe v. Stegall*, 653 F.2d at 186).

Further, courts have generally considered three factors in determining whether to grant an anonymity application to shield the party from retaliation: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to retaliation. *Id* at 1068. With respect to the second factor, whether the parties' fears are reasonable, parties "are not required to prove that the defendants intend to carry out the threatened retaliation." *Id* at 1071. Further, the Supreme Court has permitted plaintiffs to proceed anonymously without comment. See, e.g. *Roe v. Wade*, 410 U.S. 113 (1973).

A. **Plaintiffs' Use of Pseudonyms In this Case is Appropriate**.

In the present case, Plaintiffs' use of pseudonyms is appropriate. In their Complaint, Plaintiffs allege that their family members are victims of egregious human rights abuses, including torture and murder, all of which were committed by AUC paramilitary agents supported and financed by Defendants, and on banana plantation owned and operated by Defendants. If their identities and addresses are disclosed publicly, there is no question based on the well-documented atrocities already committed

4

by the AUC and the AUC's well-known connection to Defendants' business interests, that Plaintiffs face imminent and virtually certain serious physical harm, and likely death, at the hands of Defendants' AUC paramilitary agents. In light of these very real dangers, this case falls squarely within the confines of allowing parties to proceed anonymously.

Indeed, the threat of physical abuse is one of the paradigmatic cases in which courts have permitted plaintiffs to use pseudonyms. See, e.g. *James v. Jacobson*, 6 F.3d 238 (4th Cit. 1993) (factor in considering anonymity requests is "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties"). Protective orders regarding identifying information have routinely been granted where the movant demonstrates risk of threats of physical harm and other forms of retaliation, *Doe v. Stegall*, 653 F.2d at 186; *Stamicarbo v. Am. Cyanamid Co*., 506 F.2d 532 (2d Cir. 1974), along with the other, less severe risks that have also warranted protection, such as "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26 (c).

In *Does I Thru XXIII v. Advanced Textile Corp*, 214 F.3d 1058 (9th Cir. 2000), the Ninth Circuit concluded that employees of garment manufacturers in Saipan who claimed they faced the threat that they would be deported from Saipan to China and that their families would face economic retaliation were entitled to proceed anonymously. *Id*. at 1069. In so holding, the court found "based on the extreme nature of the retaliation threatened against plaintiffs coupled with their highly vulnerable status, that plaintiffs reasonably fear severe retaliation, and that this fear outweighs the interests in favor of open judicial proceedings." *Id*. See also Jed Greer, "Plaintiff Pseudonymity and the Alien Tort Claims Act: Questions and Challenges." 32 Colum. Hum. Rts. Rev. 517,

538-558 (2001) (discussing protective orders entered in *Doe I v. Islamic Salvation Front*, No. 96-02792-JR (D.D.C.) and the two companion "Unocal" cases, *Doe I. v. Unocal Corp*, No. 96-6959-RAP (C.D. Cal) and *Nat'l Coalition Gov't of the Union of Burma v. Unocal, Inc*., No. 96-6112 RSLW BQR (C.D. Cal), both of which limited disclosure of plaintiffs' identifying information to defendant(s). Here, the risk of harm faced by Plaintiffs is even more extreme and concrete given the involvement of the AUC in Colombia. There is no question that Plaintiffs' safety far outweighs any possible privacy interest of the public.

B.  **Defendants Will Not Be Prejudiced by Plaintiffs' Use of Pseudonyms**

Finally, in requesting an order allowing them to proceed anonymously, Plaintiffs do not seek to preclude Defendants' counsel from learning their identities and addresses. Recognizing that the case involves numerous fact specific issues, Plaintiffs will provide such disclosures to Defendants' counsel upon entering into an appropriate protective agreement and/or order to permit Defendants appropriate discovery while preventing public disclosure of their identities. Limiting disclosure to Defendants' counsel does not prejudice Defendants. Disclosure of sensitive information is routinely limited to an opposing party's attorneys, and protected from disclosure to the opposing party itself. See *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc*., Civ. A. No. 97-3012, 1998 WL 186728 (E.D. La, April 17, 1998).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order allowing them to commence and proceed with their action using pseudonyms.

Dated: New York, New York
June 4, 2008

                                    Respectfully submitted,

                                    JONATHAN C. REITER, Esq.
E-Mail: jcrlaw@hotmail.com
LAW FIRM OF JONATHAN C. REITER
350 Fifth Avenue, Suite 2811
New York, New York 10118
Tel: 212-736-0979
Fax: 212-268-5297
Lead Attorney of Record for Plaintiffs,
JUAN/JUAN DOES 1-619

By:   s/Jonathan C. Reiter
JONATHAN C. REITER

RONALD S. GURALNICK, Esq.
(Fl Bar No. 111476)
E-Mail: rgacquit@bellsouth.net
RONALD GURALNICK, P.A.
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, Florida 33131
Tel: 305-373-0066
Fax: 305-373-1387
Co-counsel for Plaintiffs, JUAN/JUANA DOES 1-619

By:   s/Ronald Guralnick
RONALD GURALNICK

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: June 6, 2008

s/Ronald S. Guralnick_____
RONALD S. GURALNICK, Esq.
(FL Bar No. 111476)
E-Mail:  rgacquit@bellsouth.net
RONALD GURALNICK, P.A.
Bank of America Tower at International Place
100 S.E. 2d Street, Suite 3300
Miami, Florida 33131
Tel:  305-373-0066
Fax:  305-373-1387
Co-counsel for Plaintiffs, JUAN/JUANA DOES 1-619

## SERVICE LIST

Eric Holder, Jr., Esq.
cholder@cov.com
John E. Hall, Esq.
jhall@cov.com
James M. Garland, Esq.
jgarland@cov.com
Jenny R. Mosier, Esq.
jmosier@cov.com
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: 202-662-6000
Facsimile:  202-662-6291
Attorneys for CHIQUITA BRANDS INTERNATIONAL

Rene Devlin Harrod, Esq.
rharrod@bergersingerman.com
BERGER SINGERMAN
Law Olas Centre II
350 E. Las Olas Blvd
Suite 1000
Ft. Lauderdale, FL 33301
Telephone: 954-525-9900
Facsimile:  954-523-2872
Attorneys for CHIQUITA BRANDS INTERNATIONAL

Jonathan M. Sperling, esq.
jsperling@cov.com
COVINGTON & BURLING
620 Eighth Avenue
New York, New York 10018
Telephone: 212-841-1000
Facsimile:  212-841-1010
Attorneys for CHIQUITA BRANDS INTERNATIONAL

Alison K. Clark, Esq.
aclark@sbtklaw.com
SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile:  610-667-7056
Attorneys for CHIQUITA BRANDS INTERNATIONAL

Robert M. Stern, Esq.
rstern@omm.com
O'MELVENY & MYERS
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: 202-383-5328
Facsimile:  202-383-5414
Attorneys for CHIQUITA BRANDS INTERNATIONAL

Sidney Alton Stubbs, Jr., Esq.
sstubs@jones-foster.com
Robert William Wilkins, Esq.
rwilkins@jones-foster.com
Cristopher Stephen Rapp, Esq.
csrapp@jones-foster.com
JONES FOSTER JOHNSTON & STUBBS
505 S. Flagler Drive Suite 1100
P.O. Box 3475
West Palm Beach, FL 33402-3475
Telephone: 561-659-3000
Facsimile:  561-650-0409
Attorneys for CHIQUITA BRANDS INTERNATIONAL

William J. Wichmann, Esq.
wjw@conradscherer.com
CONRAD & SCHERER, LLP
633 S. Federal Highway
8th Floor
P.O. Box 14723
Ft. Lauderdale, FL 33302-4723
Telephone: 954-462-5500
Facsimile:  954-463-9244
Attorneys for Carrizosa, et.al., Plaintiffs

James K. Green, Esq.
jameskgreen@bellsouth.net
JAMES K. GREEN, P.A.
Esperate, Suite 1650
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone:  800-780-8607 (toll free)
            561-686-6300
Facsimile:   561-478-0754
Attorneys for Lopez, et. al., Plaintiffs

Paul Hoffman, Esq.
hoffpaul@aol.com
SCHONBRUN, DESIMONE, SEPLOW,
HARRIS & HOFFMAN, LLP
723 Ocean Front Walk
Venice, CA 90210
Telephone: 310-396-0731
Facsimile:  310-399-7040
Attorneys for John Doe 1-8, Plaintiffs

Judith Brown Chomsky, Esq.
jchomsky@igc.com
LAW OFFICES OF JUDITH BROWN CHOMSKY
P.O. Box 29726
Elkins Park, PA 19027
Telephone: 215-782-8367
Facsimile: 202-782-8368
Attorneys for John Doe 1-8, Plaintiffs

Richard Herz, Esq.
Marco Simons
marco@earthrights.org
EARTH RIGHTS INTERNATIONAL
1612 K Street, N.W., Suite 401
Washington, D.C. 20006
Telephone: 202-466-5188
Facsimile: 202-466-5189
Attorneys for John Doe 1-8, Plaintiffs

Agnieszka M. Fryszman, Esq.
afryszyman@emht.com
Benjamin D. Brown, Esq.
bbrown@emht.com
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: 202-408-4600
Facsimile: 202-408-4634
Attorneys for John Doe 1-8, Plaintiffs

Arturo Carrillo, Esq.
COLOMBIAN INSTITUTE OF INTERNATIONAL LAW
5425 Connecticut Avenue, N.W. #219
Washington, D.C. 20015
Attorneys for John Doe 1-8, Plaintiffs
Telephone: 202-365-7260
Attorneys for John Does 1-8, Plaintiff

Paul David Wolf, Esq.
P.O. Box 11244
Washington, D.C. 20008-1244
Telephone: 202-674-9653
Facsimile: 202-364-6188
Attorneys for John Doe 1-144, Plaintiffs

Terry Collingsworth, Esq.
tc@iradovocates.org
INTERNATIONAL RIGHTS ADVOCATE
218 D Street, SE
3rd Floor
Washington, D.C. 20003
Telephone: 202-470-1654
Facsimile:  202-338-2674
Attorneys for John Doe 1-144, Plaintiffs